### POST v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.  May 23, 1905.)

STREET RAILROADS—CROSSING ACCIDENT—INSTRUCTIONS.

In an action for injuries to the driver of a vehicle in a collision with a street car at a crossing, an instruction that it was for plaintiff to determine the situation on seeing the approaching car, and, if he had the right of way when he was closest to the point of crossing, he had the right to proceed on the track, was erroneous, as withdrawing the question of plaintiff's contributory negligence.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Jonathan D. Post against the New York City Railway Company.  From a Municipal Court judgment in favor of plaintiff, defendant appeals.  Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

William E. Weaver, for appellant.
Frank Herwig, for respondent.

SCOTT, P. J. This appeal presents the not infrequent case of an attempt to drive a carriage across a street railway track ahead of a visible and clearly seen approaching car. According to the plaintiff's evidence, he first saw the car when he was at the house line, and the car was about a block away. It was coming north at a moderate rate of speed. He proceeded to cross the avenue from west to east, and when his horse reached the westernmost rail of the south-bound track he again looked, and saw the car about 100 feet away, still approaching. He continued across the tracks at a slow jog, and did not again look for the car until the collision occurred. He testified positively that neither he nor the car increased speed, and that both were traveling at moderate speed. Thus was presented a clear case of miscalculation. The learned justice charged the jury that the plaintiff was justified in attempting to cross the track, because he was closer to the point of crossing than the car was; and that it was the absolute duty of the motorman of the car, when the plaintiff had reached a point nearer the point of crossing than the car was, to draw back and give plaintiff the preference. Upon a request of defendant that the jury should be charged that a driver, in crossing a track, should calculate that the car is such a distance away that the horse and carriage can cross in safety, the learned justice charged as follows: "It is for him to determine the situation, and, if he has the right of way when he is closest to the point of crossing, he has the right to proceed upon the track." This instruction was clearly erroneous, and, having been duly excepted to, calls for a reversal of the judgment. The charge was calculated to convey to the jury the idea that an absolute right of way was established in favor of plaintiff because he was nearest the point of crossing; that he had an absolute right to insist upon his right of way, without regard to possible consequences; that, if injured in consequence of such insistence, he was entitled to recover, without regard to whether or not it had been prudent to so insist; and that he was to be the sole judge whether he was or was not nearest the point of crossing. Such a charge leaves no room for the application of the rule of law respecting the contributory negligence of the party injured.

Judgment reversed and new trial granted, with costs to appellant to abide the event. All concur.